UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BRIGITH DAYANA GOMEZ BARCO          Civil Action No. 6:20-0497

versus                                                    Judge Juneau

DIANE WHITE, ET AL.                            Magistrate Judge Whitehurst

## MEMORANDUM RULING AND ORDER

Before the Court is the "Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act" [Doc. 27], filed by the petitioner, Brigith Daya Gomez Barco ("petitioner"). The motion is opposed by the United States of America [Doc. 33], and the petitioner filed a reply brief [Doc. 36]. In her motion, the petitioner seeks fees for 55.57 work hours, calculated at $16,002.67 using alleged market rates of her counsel, under the Act ("EAJA"), 28 U.S.C. §2412. The petitioner also seeks $2,375.00 in litigation costs for the work purportedly performed by an expert in this case. After a review of the briefs, the applicable law, and the arguments of the parties, and for the reasons fully explained below, the petitioner's Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act [Doc. 27] is DENIED.

### Factual and Procedural Background

As set forth in the undersigned's Report and Recommendation issued on November 19, 2020 [Doc. 20], the petitioner is a native and citizen of Venezuela who was admitted to the United States on or about February 16, 2017, as a non-

immigrant visitor with authorization to remain in the United States for a temporary period not to exceed August 15, 2017.   After being convicted in United States District Court for the Southern District of Florida on several felony charges, and serving approximately 20 months in federal prison, she was taken into ICE custody on July 19, 2019, and ordered removed by an immigration judge on August 9, 2019.

In her *habeas* petition, the petitioner alleged that she had remained in ICE custody beyond the presumptively reasonable 6-month post-removal order period set forth in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), and she sought immediate release.   On November 19, 2021, the undersigned issued a Report and Recommendation recommending that the petition be granted and that the petitioner be immediately released, pending resolution of her immigration proceedings or removal, under conditions specified by DHS/ICE.   The undersigned found that the petitioner, based upon the declaration of Dr. Goldfrank, met her initial burden of proof that there is no significant likelihood of removal in the reasonably foreseeable future.   In so finding, the undersigned gave little weight to the declarations of Acting Field Director Gary Chamberlain and Assistant Field Office Director Scott G. Ladwig, who had both asserted that the only impediment to the petitioner's removal were COVID-19 travel restrictions, which were expected to be lifted October 12, 2020.   The undersigned further noted that neither declarant was offered

as an expert witness, nor did their declarations establish their personal knowledge or competence to make the opinions included in their declarations.

On December 16, 2020, the district judge adopted the undersigned's Report, specifically finding that the declarations provided by respondents were insufficient to rebut the petitioner's showing that there was no significant likelihood that she would be removed to Venezuela in the reasonably foreseeable future.   The petitioner was released, and the government did not appeal.

On March 17, 2021, the petitioner filed the instant motion, seeking attorneys' fees for 55.57 work hours, calculated at $16,002.67 using alleged market rates of her counsel, under the EAJA.   The petitioner also seeks $2,375.00 in litigation costs for the work purportedly performed by her expert in this case.   The government opposes the motion on three grounds: (1) the petitioner is not entitled to recover EAJA fees, inasmuch as the Fifth Circuit has not declared that *habeas* proceedings are "civil actions" for purposes of fee awards under the EAJA; (2) even if this Court were to determine that the petitioner is entitled to recover EAJA fees, such fees would not be appropriate in this matter, as the government was substantially justified in its position in the case; and (3) even if the Court were to award fees, the petitioner is not entitled to the full amount of the fees/costs requested.

## Law and Analysis

A court may not grant attorneys' fees or costs against the United States in the absence of a waiver of sovereign immunity. *Ardestani v. Immigration & Naturalization Serv.*, 502 U.S. 129, 137 (1991). The EAJA is a fee-shifting statute that allows for fees and costs to be recovered against the United States in civil actions under certain circumstances. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Thus, the EAJA is a limited waiver of sovereign immunity for the payment of attorney's fees, and as such, its terms must be construed strictly. *Ardestani*, 502 U.S. at 137.

Specifically, the EAJA statute at 28 U.S.C. §2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any *civil action* (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(emphasis added).

The threshold issue of the instant motion is whether the instant *habeas* proceeding is a "civil action" as contemplated by the EAJA such that the petitioner, as the prevailing party, is entitled to attorneys' fees and costs under the Act, provided she meets all other requirements for fees under the statute and jurisprudence.

Although the Fifth Circuit has not ruled on the issue, the Fourth and Tenth Circuits have held that "the EAJA's waiver of sovereign immunity to awards of attorney's fees does not extend to habeas corpus proceedings." *See O'Brien v. Moore,* 395 F.3d 499, 508 (4th Cir. 2005). The Second Circuit and the Ninth Circuit have determined that it does. *See Vacchio v. Ashcroft*, 404 F.3d 663, 668 (2d Cir. 2005) ("civil actions" under EAJA encompass immigration habeas proceedings); *In re Petition of Hill*, 775 F.2d 1037, 1040-41 (9th Cir. 1985) (habeas action by an alien seeking admission to the United States compensable under the EAJA). The petitioner urges this Court to adopt the rationale of the Second and Ninth Circuits, while the government urges this Court to adopt the rationale of the Fourth and Tenth Circuits.

The difficulty of the question turns on the issue of whether *habeas* matters are to be considered as civil or criminal in nature. Adopting the approach that *habeas* proceedings are "hybrid" in nature -- a position with which the Fifth Circuit has agreed -- the Fourth Circuit explained in *O'Brien*:

> Because habeas actions have both criminal and civil aspects, courts have routinely regarded them as "hybrid" actions. *See, e.g., Sloan v. Pugh,* 351 F.3d 1319, 1323 (10th Cir.2003) (concluding that "habeas proceedings are 'unique' or 'hybrid' types of cases"); **United States v. Johnston, 258 F.3d 361, 365 (5th Cir.2001) (noting that a "§2255 motion is a hybrid, with characteristics indicative of both civil and criminal proceedings");** *Parrott v. Virgin Islands,* 230 F.3d 615, 620 n. 7 (3d Cir.2000) (noting that "habeas corpus proceedings are hybrid ones"); *United States v. Jones,* 215 F.3d 467, 468 (4th Cir.2000) (noting that "habeas actions are a unique hybrid of civil and criminal"); *Santana*

*v. United States,* 98 F.3d 752, 754 (3d Cir.1996) (noting that habeas corpus cases are "in effect, hybrid actions whose nature is not adequately captured by the phrase 'civil action' "); *cf. Walker v. O'Brien,* 216 F.3d 626, 636 (7th Cir.2000) (noting that habeas proceedings are a "group unto themselves"); *Smith v. Angelone,* 111 F.3d 1126, 1130 (4th Cir.1997) (noting that a habeas proceeding is " 'more accurately regarded as being *sui generis* ' " (quoting *Martin v. United States,* 96 F.3d 853, 855 (7th Cir.1996))).

And because habeas actions have both a criminal and civil nature, when a statutory provision regulates a "civil action," we can only conclude that it does not necessarily follow that it also regulates a habeas proceeding. This approach is amply demonstrated by a line of cases in which courts have considered such statutory provisions.

*O'Brien*, 395 F.3d at 504-06.

In *O'Brien*, the court reasoned that "in enacting the EAJA and authorizing that an award of attorneys['] fees may be assessed against the United States in 'civil actions,' Congress did not expressly include habeas actions." *Id.* at 507.  Noting the strict interpretation of immunity regarded the United States, the Fourth Circuit held that the EAJA "does not unequivocally and unambiguously include a habeas proceeding," joining the Tenth Circuit in so holding.  *See Ewing v. Rodgers,* 826 F.2d 967, 971 (10th Cir.1987); *see also Boudin v. Thomas,* 732 F.2d 1107, 1112 (2nd Cir.1984).  The Fourth Circuit noted that the Ninth Circuit had ruled differently, albeit under a different set of facts.

In so ruling, the *O'Brien* court drew a contrast between the petitioner in that case – who was challenging his continued detention – and the petitioner in *In re Hill* – who was seeking asylum in the United States on behalf of himself and others

similarly situated.   Indeed, as a far as this Court can tell, in the cases that have held that *habeas* petitioners are entitled to seek fees under the EAJA, the petitioners were individuals who had been either been denied asylum or were otherwise attempting to gain entry to the United States and subsequently prevailed in their actions challenging the same.   *See, e.g., Sotelo–Aquije v. Slattery,* 62 F.3d 54, 56, 59 (2nd Cir.1995) (ordering that attorneys' fees be awarded under the EAJA to a habeas corpus petitioner who challenged the decision to "deny him asylum" in the United States); *In re Hill,* 775 F.2d at 1040–41 (holding that a habeas corpus petition that challenged the regulatory policy of the INS was a "civil action" for purposes of the EAJA).   In referencing this contrast, the *O'Brien* court noted:

> These cases rely on a dichotomy between the role of habeas corpus as a vehicle to obtain admission to this country and the role of habeas corpus as a remedy for unlawful criminal custody. The Ninth Circuit, for example, stated that because the habeas corpus position in *In re Hill* was outside the "criminal context," there was no "custodial incentive" to challenge the governmental action in question. 775 F.2d at 1040–41. O'Brien's circumstances, however, are readily distinguishable from these immigration cases.
>
> O'Brien's case is a classic habeas action by a person in custody attacking "the legality of that custody." *Preiser,* 411 U.S. at 484, 93 S.Ct. 1827. He contended that he would unlawfully be subjected to detention in a federal prison when the Bureau of Prisons proposed to transfer him from a halfway house to a federal prison camp, and based on his claim that such detention in a federal prison camp would be illegal, he obtained an injunction against his transfer.

*O'Brien*, 395 F.3d at 507–08.

The Ninth Circuit appears to have also approached the issue from the standpoint of whether the petitioner seeking fees had sought to gain entry into the United States or was challenging his continued detention, to wit:

> As the *Boudin* court noted, we must look to the substance of the remedy sought, not the labels attached to the claim, in determining whether a proceeding falls within the term "any civil action" of the EAJA. In contrast to the challenge of unlawful criminal custody in *Boudin,* Hill sought to gain admission into this country and, in essence, sought to secure a declaratory judgment that the Government's policy of excluding homosexual aliens without a medical certificate was improper. Hill's claim was not merely a vindication of his own personal rights, but a challenge to a regulatory policy that had a sweeping effect on homosexual aliens seeking to enter the United States.
>
> Moreover, the dual purposes underpinning the EAJA are served by characterizing this particular proceeding as a civil action. Hill, a nonresident alien, was not eligible for government-provided counsel, *see* 8 U.S.C. § 1362 (1982) and, as an alien seeking to visit, had little economic incentive to challenge such action. And, unlike the inmate in *Boudin,* a nonresident alien who is a homosexual has no custodial incentive to reverse the Government's action. Application of the EAJA to Hill's petition is appropriate.

*In re Hill*, 775 F.2d 1037, 1040–41 (9th Cir. 1985).

Here, the petitioner challenged her continued detention, and the district judge ultimately ordered the petitioner's immediate release, given that there was no significant likelihood of removal in the foreseeable future, which made her continued detention unreasonable.  As distinguished from the petitioner in *In re Hill*, the petitioner's claim in this matter was merely a vindication of her own personal rights; that is, there was no challenge to a regulatory policy of the United

States, nor was the petitioner seeking asylum in this country or seeking to vindicate the rights of others seeking asylum.   The facts in this matter are more akin to those in *O'Brien*, wherein the petitioner was seeking her own immediate release, which the judge ordered.

Without clear guidance from the Fifth Circuit, it is unclear to this Court whether the circumstances of this case would give rise to a finding by the Fifth Circuit that this particular matter is a "civil action" for purposes of the EAJA. Nevertheless, given the statute's ambiguity on the availability of EAJA fees in *habeas corpus* actions, this Court declines to follow the rationale of the Second and Ninth Circuits and instead adopts the reasoning of the *O'Brien* court in finding that strict construction of the waiver of sovereign immunity dictates that EAJA fees are not available to petitioners in *habeas corpus* matters.

**IT IS THEREFORE ORDERED** that the petitioner's Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act [Doc. 27] is DENIED.

Signed at Lafayette, Louisiana, this 11th day of June 2021.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**